UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MELISSA WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-286 |
| ) | Judge Aleta A. Trauger |
| SOUTHWEST AIRLINES, CO. and ) | |
| THE FEDERAL AVIATION ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss (Docket No. 12) filed by the defendant Federal Aviation Administration (the "FAA"), to which the plaintiff, Melissa Ward, has filed a Response (Docket No. 15). For the reasons discussed herein, the motion will be granted.

## BACKGROUND & PROCEDURAL HISTORY

This personal injury action against Southwest Airlines, Co. ("Southwest") and the FAA arises from an alleged incident in which Ms. Ward was injured while a passenger on Southwest Flight No. 31, departing from the George Bush Intercontinental Airport in Houston, Texas and landing at Nashville International Airport in Nashville, Tennessee on December 15, 2015 ("Flight 31"). The action was initially filed on December 12, 2016 in the Circuit Court for Davidson County, Tennessee (Docket No. 13-2), and the Amended Complaint was filed on January 25, 2017 (Docket No. 1-2). The action was subsequently removed to the federal district court on February 15, 2017. (Docket No. 1.) The Amended Complaint specifically alleges that the FAA negligently failed to light the taxiway at the Nashville International Airport at the time Flight 31 landed and that the Southwest crew on board Flight 31 negligently proceeded with

1

taxiing despite their inability to safely see the taxiway.  According to the Amended Complaint, this resulted in the Flight 31 aircraft veering into a draining ditch and sustaining significant damage, all of which caused Ms. Ward to suffer head injuries while aboard the aircraft.  The Amended Complaint brings a negligence claim against both defendants and seeks compensatory damages from both defendants and punitive damages from Southwest.

It is undisputed by the parties that, only after the initial filing of this action, Ms. Ward filed a Standard Form 95 administrative complaint with the FAA on September 9, 2016.  (Docket No. 13-2; Docket No. 16, p. 2.)

On March 16, 2017, Southwest filed an Answer.  (Docket No. 9.)

On April 7, 2017, the FAA filed a Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction (Docket No. 12), along with a Memorandum in support (Docket No. 13), arguing that the claims against it should be dismissed on two grounds: 1) failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA") prior to filing the action and 2) the improper naming of the FAA rather than the United States as a defendant.

On April 21, 2017, Ms. Ward filed a Response (Docket No. 15), along with a Memorandum in support (Docket No. 16), conceding that the FAA should be dismissed from this action but seeking leave to amend the Amended Complaint to add the United States as a defendant.

## **LEGAL STANDARD**

"Rule 12(b)(1) motions to dismiss . . . generally come in two varieties: a facial attack or a factual attack."  *Genetek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  When a Rule 12(b)(1) motion contests subject matter jurisdiction *factually*, the court must weigh the evidence in order to determine whether it has the power to hear the case, without

presuming the challenged allegations in the complaint to be true. *Id.*; *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). When the facts are disputed in this way, "[t]he district court has broad discretion to consider affidavits, documents outside the complaint, and to even conduct a limited evidentiary hearing if necessary," without converting the motion into one for summary judgment. *Cooley v. United States*, 791 F. Supp. 1294, 1298 (E.D. Tenn. 1992), *aff'd sub nom. Myers v. United States*, 17 F.3d 890 (6th Cir. 1994); *see also Genetek*, 491 F.3d at 330. It is then the plaintiff's burden to show that jurisdiction is appropriate. *DLX*, 381 F.3d at 511. If a Rule 12(b)(1) motion challenges subject matter jurisdiction based on the face of the complaint, to the contrary, the plaintiff's burden is "not onerous," and the plaintiff need only demonstrate that the complaint alleges a "substantial" federal claim, meaning that prior decisions do not inescapably render the claim frivolous. *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A court evaluating this sort of facial attack to the assertion of subject matter jurisdiction must consider the allegations of fact in the complaint to be true. *Genetek*, 491 F.3d at 330; *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999). Thus, "the plaintiff can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248.

## ANALYSIS

The parties agree that, although not labeled as such in the Amended Complaint, the claim against the FAA – a federal agency – falls under the FTCA, which waives sovereign immunity for claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Smith v. United States*, 507 U.S. 197, 211 (1993). Ms. Ward further concedes that, under the FTCA, the United States must be named as the defendant in this action, rather than the FAA. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The

3

FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. Failure to name the United States as a defendant in an FTCA suit results in a fatal lack of jurisdiction."); *Good v. Ohio Edison Co.*, 149 F.3d 413, 417 (6th Cir. 1998) ("The general rule is that a federal administrative agency cannot be sued in its own name . . . ."). Accordingly, Ms. Ward concedes that the claim against the FAA should be dismissed and seeks permission to amend the Amended Complaint in order to substitute the United States as a defendant.

The FAA argues a separate ground for the dismissal of the FTCA claims in this action: that Ms. Ward filed the action prior to exhausting administrative remedies as required by the FTCA under 28 U.S.C. § 2675(a). Section 2675(a) provides that an FTCA claim cannot be filed until the claimant has first filed an administrative complaint with the appropriate federal agency and has either received a final denial from the agency or has not received any final disposition within six months. The parties agree that such exhaustion had not yet taken place at the time this action was initially filed, or upon its removal to federal court. Ms. Ward has asserted, however, that, as of March 9, 2017, the FAA had still not issued a final decision on her administrative complaint, filed on September 9, 2017 and, accordingly, her claim against the United States is now ripe. The FAA cites *McNeil v. United States*, 508 U.S. 106 (1993), which holds that administrative exhaustion is a jurisdictional requirement for a FTCA claim and that the jurisdictional defect that results from filing an FTCA action before exhaustion is complete cannot be cured by a subsequent amendment once exhaustion is complete, but only by the dismissal of the action and refiling. The claims against the FAA in this action will be dismissed. This action, however, will not be dismissed in its entirety, as the claim against Southwest

remains. There is, thus, no legal basis at this time to deny Ms. Ward permission to amend her Amended Complaint against Southwest to add a now ripe FTCA claim against the United States.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is hereby **GRANTED** and all claims against the FAA are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that the plaintiff may file a Second Amended Complaint no later than May 12, 2017, for the sole purpose of naming the United States as a party to this action and adding facts regarding the administrative exhaustion of the FTCA claim against the United States.

It is so **ORDERED**.

Enter this 26th day of April 2017.

_____
ALETA A. TRAUGER
United States District Judge